IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, ) | CIV. NO. 17-00041 SOM-KSC |
| ) | |
| Plaintiff, ) | ORDER DISMISSING ACTION |
| ) | PURSUANT TO 28 U.S.C. |
| vs. ) | § 1915(g) |
| ) | |
| BUREAU OF PRISONS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Pro se Plaintiff Peter R. Tia alleges that prison officials have lost copies of forty-eight case files and evidence from his previous cases. He alleges that Defendants conspired to lose his property and seeks relief under the Fourth Amendment. Tia has not paid the $400.00 filing and administrative fees to commence this action or filed an Application to Proceed In Forma Pauperis ("IFP").

### I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Tia has accrued at least three "strikes" under § 1915(g).[1] Tia has been notified of these strikes and

---

[1] *See Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to
(continued...)

may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury based on Defendants' actions when he filed suit.

## II.   THE IMMINENT DANGER EXCEPTION

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053.

Tia fails to allege that he was in imminent danger of serious physical injury when he commenced this action and the court cannot conclude that he was based on his allegations.  The court has reviewed Tia's exhibits and finds that they provide no basis for finding that Tia is in imminent danger of serious

---

[1](...continued)
state a claim).  *See* PACER Case Locator
http://pacer.psc.uscourts.gov

physical injury.  Tia may not proceed in this action without concurrent payment of the civil filing fee.

### III.  **CONCLUSION**

This action is DISMISSED without prejudice to Tia's refiling of these claims in a new action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court is DIRECTED to close the case and note that this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Tia v. Bureau of Prisons,* 1:17-cv-00041 SOM/KSC; 3stk 2017/Tia 17-41 SOM  (4TH AMD lost prop)